United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Franklin Oldemar Rivas Cruz, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4325 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Franklin Oldemar Rivas Cruz, a native and citizen of El Salvador, was charged with removability for being unlawfully present in the United States. Docs. 1 ¶ 14; 7-1 at 2. On April 1, 2026, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A). Doc. 1 ¶ 42. He remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. *Id.* On June 16, 2026, an immigration judge ordered Petitioner removed to El Salvador. Doc. 7-2 at 3. Petitioner filed an appeal with the Board of Immigration Appeals, which was received on June 23, 2026, and remains pending. *See* Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/en/ (last visited August 20, 2026). Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 arguing his present detention without a bond hearing violates substantive and procedural due process. Doc. 1 ¶¶ 5, 50–78.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8.[1] Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved Petitioner's due process challenges, determining the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). For aliens like Petitioner, this Court held that pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[2]

---

[1] In his Reply, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

[2] Petitioner further argues that because he was previously released on recognizance, his *re-detention* violates due process. *See* Docs. 1 ¶¶ 65–66; 1-6. In rejecting a claim for *ultra vires* agency action alleging similar facts, this Court held that it will not bind the current administration to previous administrations' enforcement decisions, particularly where the statute that mandates detention (Section 1225(b)(2)(A)) unequivocally applies to the petitioner under Fifth Circuit precedent. *See Portillo de Marquez v. Mullin*, 4:26-cv-2073 (S.D. Tex. July 14, 2026). This rationale applies with equal force irrespective of how a detainees styles a challenge to re-detention—either as ultra vires agency action or as an independent due process violation. *See Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011); *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984). Petitioner's re-detention challenge therefore rises

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 25th of August, 2026.

Nicholas J. Ganjei
United States District Judge

---

and falls with his underlying due process claims; if detention is constitutionally permitted, so, too, is re-detention. *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026).